UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIREZA GHASEMIKACHLAMI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No.  1:26-cv-03058-DAD-JDP (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS* AS SUCCESSIVE AND DENYING TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2, 3) |

On April 6, 2026, petitioner Alireza Ghasemikachlami, A-File No. 220-562-522, proceeding *pro se*, filed both a petition for writ of habeas corpus challenging his detention by immigration and customs enforcement ("ICE") on due process grounds and a motion for temporary restraining order seeking either immediate release from custody or a bond hearing before an immigration judge in *Ghasemikachlami v. Warden of the California City Detention Center*, 1:26-cv-02586-JLT-SKO, ("*Ghasemikachlami I*").  (*Ghasemikachlami I*, Doc. Nos. 1, 3.) On April 17, 2026, the assigned district judge in *Ghasemikachlami I* granted the petition, denied the motion for temporary restraining order as moot, and directed the government to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).  (*Ghasemikachlami I*, Doc. No. 10.)  Judgment has been entered in *Ghasemikachlami I* and that case has been closed. (*Ghasemikachlami I*, Doc. No. 11.)

1

On April 21, 2026, the same petitioner, again proceeding *pro se*, filed a petition for writ of *habeas corpus* challenging his detention by ICE on due process grounds and a motion for temporary restraining order seeking either immediate release or a bond hearing in *Ghasemikachlami v. Warden California City Detention Facility*, 1:26-cv-03058-DAD-JDP ("*Ghasemikachlami II*").  (*Ghasemikachlami II*, Doc. Nos. 1, 2.)  Petitioner appears to have filed an identical petition and motion for temporary restraining order in both cases.  *Compare*, *Ghasemikachlami I*, Doc. Nos. 1, 3, *with Ghasemikachlami II*, Doc. Nos. 1, 2.[1]  On April 24, 2026, respondent in *Ghasemikachlami II* filed a notice of related cases notifying the court of the judgment in *Ghasemikachlami I* and stating that petitioner was scheduled to receive the ordered bond hearing on April 29, 2026.  (*Ghasemikachlami II*, Doc. No. 8 at 1.)  On May 13, 2026, respondent filed a status report in *Ghasemikachlami II* indicating that petitioner was granted release on bond by an immigration judge on May 5, 2026 and was released from immigration custody on May 8, 2026.  (Doc. No. 14.)  To date, petitioner has not filed anything further in *Ghasemikachlami II*.  Respondent has requested the court to rule directly on the petition in *Ghasemikachlami II*.  (Doc. No. 11 at 2.)

"The case or controversy requirement of Article III . . . deprives federal courts of jurisdiction to hear moot cases."  *N.A.A.C.P., W. Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984).  "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (internal quotation marks omitted).  Here, as noted, petitioner challenges his detention on due process grounds and seeks either his immediate release or a bond hearing in

---

[1]  The only difference between the petitions in each actions is the date on which the petitions were placed in the detention centers mail system, *Compare Ghasemikachlami I* Doc. No. 1 at 9 (indicating that the petition was placed in the mail on March 27, 2026, *with Ghasemikachlami II*, Doc. No. 1 at 9 (indicating that the petition was placed in the mail on April 4, 2026).  Further, the only difference between the motions for temporary restraining order filed by petition in the two cases is that the motion in *Ghasemikachlami II* includes a notice from the Ninth Circuit Court of Appeals dated March 23, 2026 indicating that the Ninth Circuit is also in receipt of a petition for review filed by petitioner, whereas the motion in *Ghasemikachlami I* does not include this filing.  *Compare Ghasemikachlami I* Doc. No. 3, *with Ghasemikachlami II*, Doc. No. 2.  Otherwise, the petitions and motions filed in both actions are identical.

2

*Ghasemikachlami II* in both the petition and motion for temporary restraining order. (*Ghasemikachlami II*, Doc. Nos. 1 at 8; 2 at 8.)  He does not raise any additional claims or seek any additional relief beyond that which was granted in *Ghasemikachlami I*.  Accordingly, because petitioner has already been granted all of the relief that he seeks in *Ghasemikachlami II*, there is no longer a live controversy and the due process injury that petitioner suffered cannot be redressed by the issuance of a writ of *habeas corpus* in this action.  *Burnett v. Lampert*, 432 F.3d 996 (9th Cir. 2005) (dismissing petition as moot where relief could not be redressed by issuance of writ of *habeas corpus*); *Martinez Gabarrete v. Murray*, No. 1:26-cv-02116-JLT-CDB (HC), 2026 WL 1022782, at *1–2 (E.D. Cal. Apr. 15, 2026) (recommending dismissal of second-filed petition seeking release from custody as moot where the petitioner obtained release through the granting of a previously-filed petition), *report and recommendation adopted sub nom. Gabarrete v. Murray*, No. 1:26-cv-02116-JLT-CDB (HC), 2026 WL 1233064 (E.D. Cal. May 5, 2026); *Kamboj v. Warden*, No. 5:26-cv-00225-SPG-SP, 2026 WL 567473, at *3 (C.D. Cal. Feb. 25, 2026) ("Petitioner was then released on bond and is no longer in federal custody.  Accordingly, the Court could no longer provide redress as to his third and fourth requests for relief, both of which request his release from federal custody.").

Accordingly, the court will dismiss the petition filed in this action as having been rendered moot.

For the reasons above,

1.      Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is DENIED as moot;

2.      Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as moot;

3.      Petitioner's motion to appoint counsel (Doc. No. 3) is DENIED as moot; and

4.      The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 14, 2026**                                    _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3